IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-cv-01133-LCB-JLW

| | | |
|---|---|---|
| JACK ARMITAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT BIOGEN, INC.'S** |
| vs. | ) | **ANSWER AND AFFIRMATIVE** |
| | ) | **DEFENSES** |
| BIOGEN INC., | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES Defendant, BIOGEN, INC. (hereinafter "Defendant" or "Biogen"),

through its undersigned counsel, and for Defendant Biogen's Answer and Affirmative

Defenses ("Answer") states as follows:

**FIRST DEFENSE**

Defendant responds to the specifically enumerated allegations in the Complaint filed

by Plaintiff Jack Armitage ("Plaintiff") as follows:

**PARTIES**

1.      In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint,

it is admitted that Biogen employed Plaintiff from February 3, 2003 until Plaintiff abandoned

his position with Biogen on March 28, 2017.  Biogen is without sufficient knowledge to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1 of

Plaintiff's Complaint and, as a result, those allegations are denied.

2.      Biogen admits that Biogen is a Delaware corporation with its principal place of

business in Cambridge, Massachusetts and that Biogen employs more than 900 workers in its

Durham County, North Carolina facility. The remaining allegations contained in Paragraph 2 of Plaintiff's Complaint constitute legal conclusions to which no response is required.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary to the allegations contained in Paragraph 3 of Plaintiff's Complaint, it is admitted that Biogen employs more than twenty regular employees.

## JURISDICTION AND VENUE

4. The allegations contained in Paragraph 4 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary to the allegations contained in Paragraph 4 of Plaintiff's Complaint, the allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5. The allegations contained in Paragraph 5 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed necessary to the allegations contained in Paragraph 5 of Plaintiff's Complaint, it is admitted that Plaintiff was employed as an Associate Director of Manufacturing in Defendant's Durham County facility up until he abandoned his position on March 28, 2017.

## FACTUAL BACKGROUND

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint are admitted.

7. In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, it is admitted that in early 2016 Biogen implemented an initiative in which some Director-level and above positions Company-wide were eliminated and not refilled. Except as expressly admitted, the allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8.	The allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

9.	The allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10.	The allegations contained in Paragraph 10 of Plaintiff's Complaint are admitted.

11.	The allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.	In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, it is admitted that Plaintiff served as an Associate Director of Manufacturing from 2015 until he abandoned his position on March 28, 2017. Except as expressly admitted, the allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.	In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, it is admitted that Plaintiff served as an Associate Director of Manufacturing from 2015 until he abandoned his position on March 28, 2017. Except as expressly admitted, the allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14.	The allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

15.	In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, it is admitted that Plaintiff served as management-level member of the Large Scale Manufacturing ("LSM") team, and that LSM produces millions of dollars of product per day and employs at least fifty employees. Except as expressly admitted, the allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16.	The allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

17.	In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, it is admitted that Biogen conducted a LSM Environment and Performance Assessment ("Assessment") in late 2016 in which it was discovered that Plaintiff had

3

significantly contributed to a toxic environment in LSM by, amongst other things, treating other Biogen employees as "obstacles" and creating a culture of fear in which Biogen employees were afraid to contribute to improving LSM operations.  It is further admitted that, following the Assessment, Plaintiff was moved out of his role in LSM and into a new role as an individual contributor working on special projects for Biogen's Drug Product site.  Except as expressly admitted, the allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.     In response to the allegations contained in Paragraph 18 of Plaintiff's Complaint, it is admitted that Biogen filled Plaintiff's role in LSM with an employee who, at 48 years of age, was four years younger than Plaintiff, who upon information and belief was 52 years old at the time.  Except as expressly admitted, the allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.     The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.     In response to the allegations contained in Paragraph 23 of Plaintiff's Complaint, it is admitted that Biogen prepared a severance package, at Plaintiff's request, and that Biogen HR Leader Christie Mabry ("Mabry") offered the severance package to Plaintiff. Except as expressly admitted, the allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

4

24.     In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint, it is admitted that Plaintiff declined the severance package that Biogen offered to him. Except as expressly admitted, the allegations contained in Paragraph 24 of Plaintiff's Complaint are denied.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint are denied.

26.     The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied.

27.     The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

28.     In response to the allegations contained in Paragraph 28 of Plaintiff's Complaint, it is admitted that Plaintiff did not report to work on Monday, March 27, 2017. Except as expressly admitted, the allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

29.     In response to the allegations contained in Paragraph 29 of Plaintiff's Complaint, it is admitted that Mabry advised Plaintiff by letter on March 29, 2017 that his employment was terminated due to job abandonment. Except as expressly admitted, the allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30.     Biogen is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's Complaint and, as a result, those allegations are denied.

31.     Biogen is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of Plaintiff's Complaint and, as a result, those allegations are denied.

## FIRST CLAIM FOR RELIEF

32.     Defendant's responses throughout this Answer to the allegations contained in Paragraphs 1 through 31 of Plaintiff's Complaint are re-alleged and incorporated by reference as if fully set forth herein.

33.     The allegations contained in Paragraph 33 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary to the allegations contained in Paragraph 33 of Plaintiff's Complaint, it is admitted upon information and belief that Plaintiff was more than 40 years old when he abandoned his position with Biogen on March 28, 2017.

34.     The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35.     In response to the allegations contained in Paragraph 35 of Plaintiff's Complaint, it is admitted that Biogen filled Plaintiff's role in LSM with an employee who, at 48 years of age, was four years younger than Plaintiff, who upon information and belief was 52 years old at the time.  Except as expressly admitted, the allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

36.     The allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

37.     The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

38.     The allegations contained in Paragraph 38 of Plaintiff's Complaint are denied.

39.     The allegations contained in Paragraph 39 of Plaintiff's Complaint are denied.

## SECOND CLAIM FOR RELIEF

40.     Defendant's responses throughout this Answer to the allegations contained in Paragraphs 1 through 39 of Plaintiff's Complaint are re-alleged and incorporated by reference as if fully set forth herein.

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint are denied.

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response is deemed necessary to the allegations contained in Paragraph 42 of Plaintiff's Complaint, it is admitted upon information and belief that Plaintiff was more than 40 years old when he abandoned his position with Biogen on March 28, 2017.  Except as expressly admitted, the allegations contained in Paragraph 42 of Plaintiff's Complaint are denied.

43.     The allegations contained in Paragraph 43 of Plaintiff's Complaint are denied.

44.     The allegations contained in Paragraph 44 of Plaintiff's Complaint are denied.

45.     The allegations contained in Paragraph 45 of Plaintiff's Complaint are denied.

**BIOGEN DENIES THE ALLEGATIONS CONTAINED IN SECTIONS A THROUGH G OF THE PRAYER FOR RELIEF IN PLAINTIFF'S COMPLAINT.**

**EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF'S COMPLAINT, INCLUDING THE PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.**

## SECOND DEFENSE

The Complaint fails to state, in whole or in part, a claim against Biogen upon which relief may be granted.

## THIRD DEFENSE

The employment practices of Biogen are now, and have been during the period of time referred to in Plaintiff's Complaint, conducted in all respects in accordance with state and federal laws, and in good faith and without malice, without an evil motive and/or without a callous indifference to a federally-protected right.

## FOURTH DEFENSE

Biogen has not deprived Plaintiff of any rights protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

## FIFTH DEFENSE

Biogen has not deprived Plaintiff of any rights protected by the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 *et seq.*

## SIXTH DEFENSE

To the extent Plaintiff seeks relief for conduct occurring more than 180 days before Plaintiff filed his EEOC Charge, Plaintiff's ADEA claim is barred by the statute of limitations set forth in 29 U.S.C. § 626(d)(1)(A).

## SEVENTH DEFENSE

In the alternative, Plaintiff's claim is barred, in whole or in part, by his failure to exhaust administrative remedies, and/or satisfy the administrative prerequisites to the filing of this action.

## EIGHTH DEFENSE

At no point during Plaintiff's employment did Biogen take any adverse action against Plaintiff due to his age or any other protected characteristic.

## NINTH DEFENSE

To the extent any adverse action(s) were taken against Plaintiff, these actions were required by business necessity and were based on factors other than any protected class of Plaintiff.

## TENTH DEFENSE

To the extent any adverse action(s) taken were related to a protected class of Plaintiff, which is expressly denied, Plaintiff would have been subject to the same employment action for reasons unrelated to any protected class.

## ELEVENTH DEFENSE

Even if Plaintiff was subjected to unlawful conduct based on a protected class of Plaintiff, which is expressly denied, Biogen exercised reasonable care to prevent and correct the actions which support Plaintiff's claim, and Plaintiff unreasonably failed to avail himself of preventive or corrective opportunities or to avoid harm otherwise. Thus, any damages that Plaintiff suffered were the direct and proximate result of his own actions or inactions.

## TWELFTH DEFENSE

In the alternative, Biogen pleads upon information and belief that Plaintiff failed to exercise reasonable diligence and ordinary care to minimize his damages, and Biogen therefore pleads the doctrine of avoidable consequences and the defense of failure to mitigate damages in bar, in whole or in part, of Plaintiff's claim against Biogen.

9

## THIRTEENTH DEFENSE

Plaintiff's claim may be barred, in whole or in part, by the doctrines of after-acquired evidence, estoppel, or unclean hands.

## FOURTEENTH DEFENSE

In the alternative, any claim for punitive damages by Plaintiff is in violation of the Constitution of the United States in that it seeks to deprive Biogen of property without due process of law, in that it violates the Constitution's provisions concerning equal protection and in that it violates the Constitution's prohibition of the imposition of excessive fines.

## FIFTEENTH DEFENSE

In the alternative, any claim for punitive damages by Plaintiff is barred, in whole or in part, by the limitation on punitive damages set out in N.C. Gen. Stat. § 1D-1, et seq.

## ADDITIONAL DEFENSES

Biogen reserves the right to amend its Answer, to assert additional affirmative defenses and/or to bring in third parties as Plaintiff's claim is more fully disclosed during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, having answered each and every allegation contained in Plaintiff's Complaint, Biogen makes the following prayer for relief:

1. That Plaintiff have and recover nothing by way of his Complaint;

2. That the costs of this matter be taxed to Plaintiff, including attorneys' fees;

3. For a trial by jury of all issues of fact so triable; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 25th day of January, 2018.

JACKSON LEWIS P.C.

BY:     /s/  Ted N. Kazaglis
         TED N. KAZAGLIS
         N.C. State Bar No. 36452
         JASON V. FEDERMACK
         N.C. State Bar No. 46014
         *Attorneys for Defendant*
         3737 Glenwood Avenue, Suite 450
         Raleigh, NC 27612
         Telephone:  (919) 760-6460
         Facsimile:    (919) 760-6461
         Email: Kazaglis@jacksonlewis.com
         Email: Jason.Federmack@jacksonlewis.com

11

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-cv-01133-LCB-JLW

| | | |
|---|---|---|
| JACK ARMITAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| BIOGEN INC., | ) | |
| | ) | |
| Defendant. | ) | |

The undersigned certifies that on January 25, 2018, a copy of the attached *Defendant Biogen, Inc.'s Answer and Affirmative Defenses* was electronically filed with the Clerk of the Court, using Court's CM/ECF electronic service system, which will send notification of such filing as follows:

Kathryn Abernethy
The Noble Firm, PLLC
141 Providence Road, Suite 210
Chapel Hill, NC 27514
Katie.abernethy@thenoblelaw.com
*Attorneys for Plaintiff*


JACKSON LEWIS P.C.

BY:     /s/   *Ted N. Kazaglis*
TED N. KAZAGLIS
N.C. State Bar No. 36452
JASON V. FEDERMACK
N.C. State Bar No. 46014
*Attorneys for Defendant*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone:  (919) 760-6460
Facsimile:   (919) 760-6461
Email: Kazaglis@jacksonlewis.com
Email: Jason.Federmack@jacksonlewis.com

4819-7286-8954, v. 3

12