IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-cv-01133-LCB-JLW

| | |
|---|---|
| JACK ARMITAGE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BIOGEN INC., )<br>)<br>Defendant. ) | **JOINT PROPOSED RULE 26(f)**<br>**REPORT AND DISCOVERY PLAN** |

Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.1(b), a Rule 26(f) meeting was held by telephone on **March 6, 2018**, and was attended by Kathryn Abernethy and Jennifer L. Bills, counsel for Plaintiff Jack Armitage ("Plaintiff"), and Ted N. Kazaglis and Jason V. Federmack, counsel for Defendant Biogen Inc. ("Defendant" or "Biogen"). As a result, the parties hereby file this Joint Proposed Rule 26(f) Report and Discovery Plan:

1. **Discovery Plan:** The parties propose to the Court the following Discovery Plan:

    (a) **Initial Disclosures:** The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by the parties by **April 10, 2018**; supplementations under Rule 26(e) are due as required by Rule 26(e).

    (b) **Scope of Discovery:** Discovery will be needed on the following subjects: (1) Plaintiff's allegations as set forth in the *Complaint* [DE # 1-1]; (2) the alleged damages sought by Plaintiff and any efforts to mitigate those damages, including efforts to obtain other employment; (3) Defendant's affirmative defenses as set forth in *Defendant Biogen Inc.'s Answer and Affirmative Defenses* [DE # 13]; (4) any other defenses that may become applicable during discovery; (5) all other issues raised by the pleadings; (6) any expert disclosures; and (7) all other matters that will reasonably lead to the discovery of admissible evidence.

    (c) **Case Management Track:** Discovery shall be placed on a case-management track established in LR 26.1. The parties propose the appropriate plan for this case is that designated in LR 26.1(a) as Complex.

(d) **Deadline to Complete Discovery:** The parties have considered their separate commitments and the relevant holidays and agree that the date for the completion of all discovery (general and expert) is **October 17, 2018**. Defendant's in-house counsel responsible for this matter has a pre-planned sabbatical for the entire month of August 2018. Taking this into consideration, Defendant proposes the discovery deadline be set in October 2018.

(e) **Discovery Limits:** The parties propose the following discovery limits:

   (1) Each party shall be limited to 25 interrogatories (including subparts) and 25 requests for admissions.

   (2) The Plaintiff shall have a total of seven (7) depositions, including any experts named by Defendant. The Defendant shall have a total of seven (7) depositions, including any experts named by the Plaintiff. All depositions shall be limited to one (1) day of seven (7) hours of testimony, unless extended by agreement of the parties or by a Court Order. The Plaintiff and Defendant shall each make retained expert witnesses available for deposition as soon as possible after submission of the expert's report.

(f) **Expert Reports:** The parties propose that the reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period as follows:

   (1) From Plaintiff by **July 30, 2018**.
   (2) From Defendant by **September 15, 2018**.

2. **Mediation:** Mediation should be conducted toward the end of the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties agree that the mediator shall be M. Ann Anderson.

3. **Preliminary Deposition Schedule:** Counsel for the parties will confer and attempt to schedule depositions on mutually agreeable dates during the discovery period.

4. **Other Items:**

   (a) Plaintiff shall be allowed until **April 13, 2018**, to join additional parties and/or to amend the pleadings. Defendant shall be allowed until **April 27, 2018**, to join additional parties and/or to amend the pleadings. After

these dates, the Court will consider, inter alia, whether the granting of leave would delay trial.

(b) The parties have discussed the special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties. The parties do not consent to Magistrate Judge jurisdiction.

(c) The parties do not request a conference with the court before entry of the scheduling order.

(d) **Trial Date:** A jury trial has been demanded. If the case is ultimately tried, trial is expected to take approximately four (4) days. This case should be ready for trial by the later of **April 15, 2019**, or 90 days after the Court rules on any dispositive motions.

(e) **Dispositive Motions:** All potentially dispositive motions should be filed by the moving party by **November 19, 2018**, or within thirty (30) days following the end of the discovery period, whichever is later.

(f) **Witness Lists/ Exhibits:** Final lists of witnesses and exhibits under Rule 26(a)(3) are due from Plaintiff by 45 days before trial and from Defendant by 30 days before trial.

(g) **Pretrial Conference:** The parties request that a pretrial conference be held 15 days prior to the trial date.

(h) **Motions in Limine:** Unless otherwise ordered by the Court, the parties propose that all motions in limine shall be filed no later than seven (7) days prior to the pretrial conference.

(i) **Confidential Information:** The parties have discussed certain issues relating to the disclosure of documents and information, which may be confidential information, and anticipate filing a mutually agreeable protective order pursuant to Fed. R. Civ. P. 26(c). The parties propose that they reserve the right to move for a protective order with regard to any subject of discovery, including but not limited to the subjects listed above.

5. **Electronically Stored Information:** The parties have discussed that this lawsuit could involve the discovery of electronically stored information and report to the Court the following:

(a) At this point the parties are not aware of the full extent of relevant information that may be stored electronically but do not presently anticipate extensive discovery of electronically stored information. The parties have identified the following potential sources of electronically stored evidence that may be relevant to the claim(s) or defense(s) at issue:

1. Electronic mail (including all electronic attachments) sent to and/or from parties relating to the incidents set forth in the Complaint;
2. Documents and other records stored by the Plaintiff on his personal computer, phone, PDA or other devices relating to the facts alleged in the Complaint;
3. Any other electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of FRCP 26 for discovery purposes.

(b) The parties agree that electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or if not reasonably usable in that form, in such other form as is reasonably usable. The parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, provided that Defendant will not be required to deviate from its normal record retention requirements with respect to electronically stored information or other records which have not been previously specifically identified by the parties as relevant to this action.

(c) Inadvertent production of privileged materials ("clawback agreement") confidentiality concerns: The parties have discussed certain issues related to claims of privilege and protection of trial-preparation material and have agreed upon a procedure to assert such claims after an inadvertent production of privileged or trial-preparation materials. The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection), including but not limited to metadata and other such information, shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents and/or metadata mistakenly produced after discovery of the inadvertent production. The parties further agree that, upon request, any such mistakenly-produced documents/metadata shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the

4

information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

(d) As set forth in Fed. R. Civ. P. 26(b)(2)(B), a party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Fed. R. Civ. P. 26(b)(2)(C). The Court may specify conditions for the discovery, including but not limited to entering an order allowing discovery of such information at the expense of the party seeking the discovery.

Respectfully submitted this the 7th day of March, 2018.

| THE NOBLE FIRM, PLLC | JACKSON LEWIS P.C. |
|---|---|
| */s/ Kathryn Abernethy* | */s/ Ted N. Kazaglis* |
| KATHRYN ABERNETHY | TED N. KAZAGLIS |
| N.C. State Bar No. 43933 | N.C. State Bar No. 36452 |
| Attorneys for Plaintiff | JASON V. FEDERMACK |
| 141 Providence Road, Suite 210 | N.C. State Bar No. 46014 |
| Chapel Hill, NC 27514 | Attorneys for Defendant |
| Telephone: (919) 251-6008 | 3737 Glenwood Avenue, Suite 450 |
| Facsimile: (919) 869-2079 | Raleigh, NC 27612 |
| Email: katie.abernethy@thenoblelaw.com | Telephone: (919) 760-6460 |
| | Facsimile: (919) 760-6461 |
| | Email: Kazaglis@jacksonlewis.com |
| | Email: Jason.Federmack@jacksonlewis.com |

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-cv-01133-LCB-JLW

| | |
|---|---|
| JACK ARMITAGE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BIOGEN INC., )<br>)<br>Defendant. ) | **CERTIFICATE OF SERVICE** |

  The undersigned certifies that on March 7, 2018, a copy of the attached *Joint Proposed Rule 26(f) Report and Discovery Plan* was electronically filed with the Clerk of the Court, using Court's CM/ECF electronic service system, which will send notification of such filing as follows:

Kathryn Abernethy
The Noble Firm, PLLC
141 Providence Road, Suite 210
Chapel Hill, NC 27514
Katie.abernethy@thenoblelaw.com
*Attorneys for Plaintiff*

       JACKSON LEWIS P.C.

BY: /s/ Ted N. Kazaglis
   TED N. KAZAGLIS
   N.C. State Bar No. 36452
   JASON V. FEDERMACK
   N.C. State Bar No. 46014
   *Attorneys for Defendant*
   3737 Glenwood Avenue, Suite 450
   Raleigh, NC 27612
   Telephone: (919) 760-6460
   Facsimile: (919) 760-6461
   Email: Kazaglis@jacksonlewis.com
   Email: Jason.Federmack@jacksonlewis.com

4816-8961-4171, v. 1